JUSTICE ALBIN, dissenting.
The purpose of the discovery rule in a pretrial detention hearing is to give the defendant a fair opportunity to challenge the State's assertion that probable cause supports the charged offense and that detention is the only means of assuring public safety. The majority's crabbed interpretation of Rule 3:4-2(c) empowers and encourages the State to present the trial court with as little evidence as possible to avoid giving the defendant readily available information to contest the State's presentation. That approach not only disserves principles of fair play, but also ultimately deprives the court of vital evidence necessary to carry out its statutory obligation of determining whether detention is appropriate under **30 the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26.
In this case, the State charged defendant Melvin Dickerson with unlawful possession of drugs with intent to distribute, unlawful possession of firearms, and related offenses. The police-armed with a search warrant-seized drugs, drug paraphernalia, and firearms from a hair salon in Asbury Park where defendant allegedly worked. Defendant requested in discovery the search warrant affidavit, which presumably would show whether defendant had a true connection to the salon. The State categorically denied the request. It did not claim that disclosure of the search warrant affidavit would place in jeopardy a confidential informant or a witness. Nor did it ask for a protective order.
The trial court ordered the State to disclose the affidavit to the defense, and the Appellate Division affirmed, holding "that Rule 3:4-2(c)(1)(B) required the State to produce to defendant the search warrant information before the detention hearing." In reversing both the trial court and Appellate Division, the majority announces that discovery is limited to the evidence the State presents at the detention hearing. Because the State relied on the search warrant but did not utter the words "search warrant affidavit," the majority finds that all relevant information in *805 that affidavit is rendered non-discoverable. In effect, the majority provides a guidebook to the State on how to scrimp on its discovery obligations.
The majority decision also places our court rule at odds with the CJRA, which requires that trial courts consider, in determining whether detention is warranted, the "nature and circumstances of the offense charged" and the "weight of the evidence against the eligible defendant." See N.J.S.A. 2A:162-20(a) to (b). That statutory obligation cannot be fulfilled when the State parcels out only the evidence it wishes to present to the trial court.
For those reasons, and more, I respectfully dissent.
**31 I.
After passage of the CJRA, this Court received input from all stakeholders in the criminal justice system-prosecutors, defense attorneys, and judges-and then adopted a discovery rule detailing what the State must produce when it seeks pretrial detention. See Report of the Supreme Court Committee on Criminal Practice on Recommended Court Rules to Implement Bail Reform Law, Part I: Pretrial Release (May 9, 2016); Report of the Supreme Court Committee on Criminal Practice on Recommended Court Rules to Implement Bail Reform Law, Part II: Pretrial Detention & Speedy Trial (May 12, 2016). The court rule required the prosecutor to "provide the defendant with all statements or reports in its possession relating to the pretrial detention application[,]" including "all exculpatory evidence." R. 3:4-2(c)(1)(B).
The rule corresponded to the trial court's statutory duty in making pretrial detention determinations. N.J.S.A. 2A:162-20(a) to (f) permits the trial court to consider such factors as: "[t]he nature and circumstances of the offense charged"; "[t]he weight of the evidence against the eligible defendant"; "[t]he history and characteristics of the eligible defendant"; the danger posed to any person or the community if defendant were released; the risk of obstruction of justice if defendant were released; and the recommendation of the pretrial services program. To take account of those factors, the trial court needs access to the State's "discovery."
In State v. Robinson, 229 N.J. 44, 160 A.3d 1 (2017), the majority dispensed with the rulemaking process and redrafted the discovery rule in pretrial detention hearings. The rule now provides that when the prosecutor seeks pretrial detention,
the prosecutor shall provide the defendant with
(i) [a copy of any available preliminary law enforcement incident report concerning the offense and the affidavit of probable cause],
(ii) all statements or reports relating to the affidavit of probable cause,
(iii) all statements or reports relating to additional evidence the State relies on to establish probable cause at the hearing, **32 (iv) all statements or reports relating to the factors listed in N.J.S.A. 2A:162-18(a)(1) that the State advances at the hearing, and
(v) all exculpatory evidence.[1]
*806 [R. 3:4-2(c)(1)(B) (amended May 10, 2017 to be effective immediately).]
Robinson does not alter the trial court's right to consider the factors set forth in N.J.S.A. 2A:162-20(a) to (f) pursuant to the CJRA. The trial court, however, will not know the nature and circumstances of an offense or the weight of the evidence if it is given only a partial account by the State.
The question here is whether the State was required to disclose the search warrant affidavit to defendant and the trial court. In light of Robinson and the revised discovery rule, the Appellate Division answered in the affirmative. It held "that when the State's evidence is largely dependent on items seized under a search warrant, the affidavits submitted in support of the application for the search warrant and related police reports are relevant evidence relating to the issue of probable cause in a pretrial detention hearing."
The majority, however, has determined otherwise, concluding that the State can control the information that flows through the discovery spigot. In that vein, the majority states, "the evidence to be produced is circumscribed by what the State chooses to include in its affidavit of probable cause or equivalent document and what it explicitly relies on during a detention hearing." Ante at ____ (op. at ----). According to the majority, "Rule 3:4-2(c) mandates only that the State produce discovery related to its presentation," and thus the State can limit the scope of discovery by discussing "at the detention hearing only a portion of the evidence in its possession." Ante at ____ (op. at ----). Because the State made the strategic decision not to **33 mention the search warrant affidavit in its affidavit of probable cause, the search warrant affidavit remains sealed in the vault, regardless of its relevance.
But still the majority builds in a fail-safe mechanism in case the State, in doling out the minimum amount of discovery, falls short in its probable-cause presentation. "Thus, if the trial court concludes that additional related evidence is required to establish the nexus between a defendant and the contraband, the court may require production of additional discovery, including the search warrant affidavit." Ante at ____ (op. at ----) (emphasis added). In contrast, the majority does not require disclosure of the search warrant affidavit when it may instead show that there is no clear nexus between a defendant and the contraband.
I do not read Rule 3:4-2(c) to permit such gamesmanship. A fair reading of the rule would let the trial court assess-after reviewing the search warrant affidavit-whether there is a strong or weak nexus between the defendant and the contraband.
II.
A.
In my view, Rule 3:4-2(c)(1)(B) allows for the disclosure of the search warrant affidavit, in the absence of a claim of danger to a witness or a confidential informant. That rule requires that the State provide "all statements or reports relating to": (1) "the affidavit of probable cause," Rule 3:4-2(c)(1)(B)(ii) (emphasis added), (2) "additional evidence the State relies on to establish probable cause at the hearing," Rule 3:4-2(c)(1)(B)(iii), and (3) "the factors listed in N.J.S.A. 2A:162-18(a)(1) that the State advances at the hearing," Rule 3:4-2(c)(1)(B)(iv). The search warrant affidavit relates to all three categories because *807 it undoubtedly provides evidence of the connection, if any, between defendant and the contraband that he is charged with possessing. The search warrant affidavit directly relates both to the confiscated drugs and weapons relied on by the State at the detention hearing and to the **34 factors relevant to detention, which include the nature and circumstances of the offense and the weight of the evidence. Last, it relates to the search warrant itself.
Discovery rules are intended to illuminate not obscure, to eliminate surprise, and to advance the integrity of the truth-seeking process. The majority's paradigm permits the State to disclose the search warrant affidavit only when it is to the State's advantage. Why would we construe our discovery rule to allow the State to hide a search warrant affidavit that weakens its case? That surely will not enhance a court's ability to make a just determination at a pretrial detention hearing. I do not believe our rules permit the State to satisfy its discovery obligations by dispensing morsels of information.
B.
The State's legitimate confidentiality concerns can be met without eviscerating our discovery rule. I would hold that when contraband is seized pursuant to a search warrant, the search warrant affidavit should be disclosed in discovery pursuant to Rule 3:4-2(c) in the absence of extenuating circumstances. For example, if disclosure of the search warrant affidavit would endanger or place at risk a witness or confidential informant, or jeopardize an ongoing investigation, the State could apply for a protective order. Because the pretrial detention hearing occurs shortly after an arrest, when the State may not be in a position to make a sound assessment concerning the risk to its witnesses or investigation, I would give the State the benefit of the doubt. If the State makes a good-faith representation that a confidential informant or other witness, or the ongoing investigation, would be placed at risk without a redaction of the affidavit, then such a redaction should be made. If the State makes a good-faith representation that a disclosure, with or without a redaction, would imperil either the informant or witness, or the ongoing investigation, then no disclosure would be warranted.
**35 At oral argument, we received representations that, in a number of counties, the State releases search warrant affidavits as part of the pretrial detention discovery obligations. That commendable practice will likely come to an end with this case.
III.
For the reasons expressed, I respectfully dissent.

N.J.S.A. 2A:162-18(a)(1) provides that pretrial detention may be ordered if
the court finds clear and convincing evidence that no amount of monetary bail, non-monetary conditions of pretrial release or combination of monetary bail and conditions would reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process.